Jason E. Barsanti (SBN 235807)
jbarsanti@cozen.com
**COZEN O'CONNOR**
501 W. Broadway, Suite 1610
San Diego, CA 92101
Telephone: 619-234-1700
Facsimile: 619-234-7831

Brett Greving (SBN 270883)
bgreving@cozen.com
**COZEN O'CONNOR**
101 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone: 415-644-0914
Facsimile: 415-644-0978

Attorneys for Defendant
**CARGILL MEAT
SOLUTIONS CORPORATION**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE LUVIANIO, on behalf of herself and all others similarly situated | Case No.: |
| Plaintiff, | **DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1332(d)(2), 1441, 1446, AND 1453** |
| vs. | |
| CARGILL MEAT SOLUTIONS CORPORATION, a Delaware Corporation; And DOES 1 - 100, inclusive, | Complaint Filed: March 29, 2023 |
| | Removed: May 22, 2023 |
| Defendants. | |

LEASE TAKE NOTICE that Defendant CARGILL MEAT SOLUTIONS CORPORATION ("Defendant"), hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1331, 1332(d)(2), 1441, 1446, and 1453. In support thereof, Defendant states as follows:

## I.  PLEADINGS, PROCESS AND ORDERS

1.  On March 29, 2023, this putative class action was commenced and is currently pending against Defendant in the Superior Court of California, County of San Joaquin as Case No. STK-CV-UOE-2023-0003094, entitled *JASMINE LUVIANIO, on behalf of herself and all others similarly situated, Plaintiff, vs. CARGILL MEAT SOLUTIONS CORPORATION, a Delaware Corporation; and DOES 1 - 100, inclusive, Defendants.*

2.  The Complaint asserted the following causes of action: (1) failure to pay overtime wages; (2) failure to minimum wage; (3) failure to pay all wages upon termination; (4) failure to provide accurate wage statements; (5) unfair competition (**Exhibit A**, Complaint.)

## II.  THIS COURT HAS JURISDICTION

3.  This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA") 29 U.S.C. § 1332(d), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred (100) members; (b) in which any member of a class of Plaintiff is a citizen of a State different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. §§ 1446 and 1453. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

**DEFENDANT'S NOTICE OF REMOVAL**

4.      Pursuant to 28 U.S.C. § 1446(a), a notice of removal must: (1) be signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, (2) contain a "short and plain statement of the grounds for removal," and (3) be accompanied by a copy of all process, pleadings, and orders served on Defendant in the action.

## III.   VENUE IS PROPER

5.      With respect to this petition for removal, venue is proper in this Court pursuant to 28 U.S.C. sections 84(b), 1391 and 1446, this action was originally brought in the Superior Court of California for the County of San Joaquin (Case No. STK-CV-UOE-2023-0003094).

## IV.   DEFENDANT SATISFIED THE REQUIREMENTS FOR REMOVAL

### A.      This Removal Petition is Timely

6.      Plaintiff personally served Defendant with the Summons and Complaint on April 21, 2023, as is attested by Plaintiff's Notice of Service of Process in **Exhibit B**. Pursuant to 28 U.S.C. section 1446(b) and Federal Rule of Civil Procedure, Rule 6(a)(1)(C), a Notice of Removal is timely if filed within thirty (30) days after Defendant was served with the initial pleading. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 356 (1999)(30-day removal period runs from the service of the summons and complaint). Here, 30 days from service on Defendant on April 21, 2023 is May 21, 2023, a Sunday. Fed.R.Civ.P. 6(a) extends the removal deadline to the next day, so Defendant's removal on May 22, 2023 is timely. *Wells v. Gateways Hosp. & Mental Health Ctr.*, 76 F.3d 390 (9th Cir. 1996) (using Rule 6(a) to extend filing deadline from thirtieth day, which landed on a Sunday, to the following Monday).

### B.      The Procedural Requirements of Removal Are Met

7.      On May 22, 2023, prior to the filing of Defendant's Notice of Removal, Defendant filed and served an Answer to Plaintiff's Complaint in San Joaquin Superior Court. A true and correct copy of the Answer and the accompanying proof of service is attached as **Exhibit C**.

8.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendant are attached hereto as **Exhibit D** to this Notice of Removal (with the exception of Plaintiff's Complaint, which is attached as **Exhibit A**.)

9.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a "Notice to State Court and Adverse Parties of Removal of Action" (to include a copy of this Notice of Removal and all Exhibits) will be promptly filed with the Clerk of the Superior Court in San Joaquin County, and served on all other parties to this action.

## V.     THIS COURT HAS JURISDICTION UNDER CAFA

10.     In its decision in *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547 (2014), the United States Supreme Court clarified the standards applicable to notices of removal in CAFA cases, confirming a liberal standard in favor of removing Defendant. Specifically the Supreme Court found that the similarity of language between the removal statute and Rule 8(a) can only mean that the same liberal pleading standards applied to complaints must also apply to notices of removal. *Id*. The Supreme Court also held in *Dart* that a removing defendant is **not required** to include evidence with its pleading in order to establish that the elements of federal subject matter jurisdiction are met. *Id.* at 552-553. Only if the Court or another party challenges jurisdiction should the Court require a removing defendant to prove, under the applicable "preponderance" standard, that the jurisdictional requirements are met. "In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the Plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 554. In addition, there exists no "presumption against removal" in CAFA cases, because CAFA was specifically enacted by Congress "to facilitate adjudication of certain class actions in federal court." *Id.*

**DEFENDANT'S NOTICE OF REMOVAL**
LEGAL\63788950\1

11.     Under CAFA, federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated amount in controversy exceeds $5 million (exclusive of costs and interest). *See* 28 U.S.C. §§ 1332(d)(2), d(5), and (d)(6). CAFA applies to certain "class actions," which the statute defines as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute." 28 U.S.C. § 1332(d)(1)(B).

**A.     Plaintiff Asserts a Class Action Against Defendant**

12.     Plaintiff brings her lawsuit as a class action. The Complaint caption is titled "CLASS ACTION COMPLAINT FOR DAMAGES AND RESTITUTION." Plaintiff states in the very first sentence that the case is a "Class Action pursuant to California Code of Civil Procedure § 382." (**Exhibit A**, Complaint at Caption and ¶ 1.) Accordingly, CAFA applies. *See Bodner v. Oreck Direct, LLC*, No. C 0604756, 2006 WL 2925691, at *3 (N.D. Cal. Oct. 12, 2006) (CAFA applies where "Plaintiff's complaint alleges that the action is a class action, and recites the prerequisites to a class action under . . . California Code of Civil Procedure Section 382").

**B.     The Number of Putative Class Members Exceeds 100**

13.     Plaintiff seeks to represent three classes of current and former non-exempt employees of Defendant within the State of California through when the notice of the class action is provided to the class. ("Class") (**Exhibit A**, Complaint at ¶ 14.)

14.     Plaintiff's Complaint alleges that there are over 100 class members. (**Exhibit A**, Complaint at ¶ 17.) Thus, as defined in the Complaint, the putative class exceeds 100.

**C.     Defendant is not a Governmental Entity**

15.     Under 28 U.S.C. § 1332(d)(5)(B), CAFA does not apply to class actions where "primary Defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

16.     Defendant is a corporation duly organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in the State of Kansas and is not a state, state official or other government entity exempt from CAFA.

### D.     There Is Diversity Between At Least One Class Member And Any One Defendant

17.     CAFA's minimal diversity requirement is satisfied, inter alia, when "any member of a class of Plaintiff is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

18.     Plaintiff states that she is a resident of California. (**Exhibit A**, Complaint at ¶ 6.) Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by a party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"). Therefore, Plaintiff is a citizen of California for diversity purposes.

19.     Conversely, Defendant is not citizen of California. It is a citizen of Delaware and Kansas. For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities." See *Hertz Corp. v. Friend,* 130 U.S. 1181, 1192-93 (2010). At the time this action was commenced in state court, Defendant was, and remains, a Delaware corporation with its principal place of business in Kansas, where it has its corporate offices and headquarters and where Defendant's executive and administrative functions are located.

**DEFENDANT'S NOTICE OF REMOVAL**

LEGAL\63788950\1

20.   Accordingly, the named Plaintiff is a citizen of a state different from Defendant, and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

### E.   The Amount in Controversy Exceeds $5,000,000[1]

21.   CAFA's $5,000,000 threshold for the "amount in controversy," is not the same as the amount ultimately recovered. *Lara v. Trimac Transp. Servs. Inc.*, No. CV 10- 4280-GHK JCx, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010). Rather, in assessing the amount in controversy, courts must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the Plaintiffs on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the Plaintiffs' complaint, not what a defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). After all, "the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). Additionally, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated"); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (stating that "[t]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint") (citations omitted).

22.   Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the Plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought

---

[1] The alleged damage calculations set forth in the instant Notice of Removal are provided for purposes of removal only and based on the presumption of truth to which Plaintiff's allegations are entitled. Defendant denies that Plaintiff or any putative class member is entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiffs' claims and their alleged damages at every stage of this case.

(e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. REP. 109-14 at 42. In addition, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. REP. 109-14 at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case … [**Section 1332(d)] should be read broadly, with a strong preference that interstate class actions should be heard in federal court if removed by the defendant**." (emphasis added)]

23.     In calculating the amount in controversy, the claims of class members may be aggregated to determine whether the amount in controversy has been satisfied. 28 U.S.C. § 1332(d)(6).

24.     Plaintiff's Complaint does not allege the total aggregate amount in controversy. (*See generally,* **Exhibit A**, Complaint.) However, as demonstrated herein, Plaintiff's allegations, when accepted as true, place more than $5,000,000 in controversy in this lawsuit. By demonstrating that the amount in controversy exceeds the CAFA threshold, Defendant in no way concedes the validity of Plaintiff's claims in any respect or the likelihood that Plaintiff will obtain class certification or recover anything.

25.     Plaintiff alleges that Defendant engaged in a pattern and practice of failing to pay wages for all time worked, including overtime wages, as a result of requiring Plaintiff and other California non-exempt employees to wait in line for COVID-19 temperature checks prior to the start of their shift. (**Exhibit A**, Complaint at ¶ 2.)

26.     Plaintiff was formerly employed at Defendant's Fresno facility. At the Fresno facility, Defendant conducted COVID screening including temperature checks of those entering the facility, starting on March 3, 2020 and ending on August 12, 2022.

**DEFENDANT'S NOTICE OF REMOVAL**

Plaintiff alleges that Defendant did not compensate her and other non-exempt employees for this COVID screening time. (**Exhibit A**, Complaint at ¶ 10.)

27.    With respect to her third cause of action for waiting time penalties, Plaintiff alleges, without qualification, that Defendant failed to pay Plaintiff and other Class members all their wages earned and unpaid prior to termination, as a result of Defendant's purported practice of failing to paying for all hours worked, i.e., unpaid COVID screening time. (**Exhibit A**, Complaint at ¶ 38.) Plaintiff alleges that Defendant is liable to Plaintiff and the putative class members for waiting time penalties pursuant to Labor Code § 203, in the form of continued compensation for thirty work days. (**Exhibit A**, Complaint at ¶ 41.) The statute of limitations on Plaintiff's waiting time penalties claim is three years. *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1404 (2010); see also Cal. Civ. Proc. Code § 338(a).

28.    Based on a review of Defendant's records, Defendant had at least 1,021 putative class members who worked in Fresno during the COVID Screening Time (March 3, 2020 through August 12, 2022) and who terminated their employment (either voluntarily or involuntarily.) Using the average rate of pay for these employees according to Defendant's pay data, which is approximately $17.42 per hour, as the applicable rate of pay, and assuming a conservative average shift length of 8 hours, the amount in controversy for Plaintiff's waiting time claim alone is more than **$4,268,596.80**, based on the calculation of 1,021 putative class members terminated x an average rate of pay of $17.42 per hour x 8 hours x 30 days. Thus, the amount in controversy for Plaintiff's claims is near the $5,000,000 CAFA threshold, on the third cause of action only, not even accounting for the amounts at issue for Plaintiff's other causes of action.

29.    With respect to her fourth cause of action for wage statement penalties, Plaintiff alleges, without qualification, that Defendant failed to provide Plaintiff and

1  other Class Members with accurate wage statements in violation of Cal. Labor Code §

2  226. (**Exhibit A**, Complaint at ¶¶ 49-52.)

3      30.    Based on a review of Defendant's records, Defendant had at least 1,022

4  putative class members who worked in Fresno during the entire period of the one year

5  statute of limitations for wage statement violations and during the COVID screening

6  period in Fresno (March 29, 2022 through August 12, 2022), and were issued

7  approximately 10 wage statements each during that time period. Wage statement

8  violations carry penalties of $50 for an initial violation, and $100 for any subsequent

9  violations, up to a maximum of $4,000. Cal. Labor Code § 226(e).  Thus, the amount in

10  controversy for wage statement violations for these 1,022 putative class members is

11  **$970,900** (1,022 x $50 + 1,022 x 9 x $100). This does not account for other putative

12  class members, who were also issued wage statements during the one year statute of

13  limitations for wage statement violations and the COVID screening period but may not

14  have worked during the entire period.

15      31.    Thus, the total **minimum** amount placed in controversy by Plaintiff's

16  Complaint is over $5,000,000, only on Plaintiff's Third and Fourth Causes of Action

17  ($5,239,496.80).

18          Attorney's Fees

19      32.    Attorneys' fees are also includable in the amount in controversy where the

20  underlying statute authorizes an award of fees. *Lowdermilk v. U.S. Bank Nat'l Ass'n*,

21  479 F.3d 994, 1000 (9th Cir. 2007) *overruled on other grounds by Standard Fire Ins.*

22  *Co. v. Knowles*, 133 S.Ct. 1345 (2013). Plaintiff is seeking reasonable attorneys' fees.

23  (**Exhibit A**, Complaint at Prayer for Relief, K.) The Ninth Circuit has recognized 25%

24  as an appropriate benchmark for fee awards in class action cases. *See Hanlon v.*

25  *Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Under that benchmark, and based

26  on the demonstrated amount in controversy on the fourth cause of action, it is reasonable

27  to place the attorneys' fees in controversy at a minimum of $1,339,799.20. Adding that

28

-9-
**DEFENDANT'S NOTICE OF REMOVAL**

1  amount to the previously calculated values only serves to underscore the conclusion that
2  this case easily exceeds the $5,000,000 CAFA threshold.

3  **VI.    CONCLUSION**

4  33.    This Court has original jurisdiction over Plaintiff's claims by virtue of the
5  Class Action Fairness Act. To the extent that this Court lacks original jurisdiction over
6  any of Plaintiff's claims, it has supplemental jurisdiction over those claims. This action
7  is thus properly removable to federal court pursuant to 28 U.S.C. § 1441. In the event
8  this Court has a question regarding the propriety of this Notice of Removal, Defendant
9  requests the opportunity to submit evidence, points and authorities supporting the
10  removal of this action.

11  WHEREFORE, Defendant removes the above-action to this Court.

12

13  Dated: May 22, 2023                    COZEN O'CONNOR

14

15                                         By: */s/ Brett Greving*
                                               Jason E. Barsanti
16                                             Brett Greving
                                               Attorneys for Defendant
17                                             **CARGILL MEAT SOLUTIONS
                                               CORPORATION**

18

19

20

21

22

23

24

25

26

27

28

-10-
**DEFENDANT'S NOTICE OF REMOVAL**

# EXHIBIT A

1  Michael Nourmand, Esq. (SBN 198439)
   James A. De Sario, Esq. (SBN 262552)
2  Ivan P. Medina, Esq. (SBN 323360)
   **THE NOURMAND LAW FIRM, APC**
3  8822 West Olympic Boulevard
   Beverly Hills, California 90211
4  Telephone (310) 553-3600
   Facsimile (310) 553-3603
5
   Attorneys for Plaintiff,
6  JASMINE LUVIANO, on behalf
   of herself and all others similarly situated
7

2023 MAR 29 PM 3:27

TRUDY E. RALEY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN JOAQUIN

10                                        STK-CV UOE-2023- 3094

11  JASMINE LUVIANIO, on behalf of herself      )  CASE NO..
    and all others similarly situated           )
12                                              )  CLASS ACTION COMPLAINT FOR
              Plaintiffs,                        )  DAMAGES AND RESTITUTION
13                                              )
                                                )  1.   FAILURE TO PAY OVERTIME
14       v.                                      )       WAGES;
                                                )
15                                              )  2.   FAILURE TO MINIMUM WAGE;
    CARGILL MEAT SOLUTIONS                       )
16  CORPORATION, a Delaware corporation;        )  3.   FAILURE TO PAY ALL WAGES
    and DOES 1 through 100, Inclusive           )       UPON TERMINATION;
17                                              )
              Defendants.                        )  4.   FAILURE TO PROVIDE
18                                              )       ACCURATE WAGE
                                                )       STATEMENTS; and
19                                              )
                                                )  5.   UNFAIR COMPETITION
20                                              )
                                                )
21  _____  )  DEMAND FOR JURY TRIAL

22       COMES NOW plaintiff JASMINE LUVIANO (hereinafter "Ms. Luviano" and/or

23  "Plaintiff") on behalf of herself and all others similarly situated, and alleges as follows:

24  ///

25  ///

26  ///

27  ///

28  ///

                                        1
                          CLASS ACTION COMPLAINT

FILED BY FAX

## GENERAL ALLEGATIONS

## INTRODUCTION

1.     This is a Class Action, pursuant to California <u>Code of Civil Procedure</u> §382, on behalf of Plaintiff and all other current and former similarly situated employees employed by or formerly employed by CARGILL MEAT SOLUTIONS CORPORATION ("CARGILL") and any subsidiaries or affiliated companies, within the State of California (hereinafter collectively referred to as "Defendants")

2.     For at least four (4) years prior to the filing of this action and through to the present, Defendants on multiple occasions have had a pattern and practice of failing to pay wages for all time worked, including overtime wages, as a result of requiring Plaintiff and other California non-exempt employees to wait in line for COVID-19 temperature checks prior to the start of their shift.

3.     Plaintiff, on behalf of herself and all other similarly situated employees, brings this action pursuant to, including but not limited to, California <u>Labor Code</u> §§ 200, 201, 202, 203, 226, 510, 1194, 1194.2, 1197 and California <u>Code of Regulations</u>, Title 8, §11070, seeking unpaid overtime and minimum wages, penalties, and reasonable attorney's fees and costs.

4.     Plaintiff, on behalf of herself and all other similarly situated employees, pursuant to California <u>Business & Professions Code</u> §§17200-17208 also seeks all monies owed but withheld and retained by Defendants to which Plaintiff and members of the Class are entitled.

## PARTIES

**A.     Plaintiff**

5.     Venue as to each defendant is proper in this judicial district, pursuant to California <u>Code of Civil Procedure</u> §395.  Defendants operate and do business in California, and each defendant is within the jurisdiction of this court for service of process purposes.  The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California.  Defendants employ numerous Class Members in the State of California.

6.     Plaintiff, Ms. Luviano, is a resident of the State of California. At all relevant times herein, she has been employed by Defendants as a non-exempt employee in California.

2
CLASS ACTION COMPLAINT

**B.**    <u>**Defendants**</u>

7.    Defendant, Cargill, a Delaware corporation, is a processor and distributor of fresh beef, pork, turkey, and other cooked and marinated meat products within the State of California. Cargill employed Plaintiff and similarly situated persons within the State of California.

8.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under <u>Code of Civil Procedure</u> §474. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

9.    Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respect pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

## FACTUAL BACKGROUND

10.    Defendants on multiple occasions have had a pattern and practice of not compensating Plaintiff and other similarly situated employees wages for all time worked, including overtime wages, as a result of requiring Plaintiff and other California non-exempt employees to wait in line for COVID-19 temperature checks prior to the start of their shift and not compensating them for this work time. That is, Plaintiff and other non-exempt employees were required to wait in line and undergo temperature checks for COVID-19 prior to the start of their shift. Plaintiff and other non-exempt employees could not use this time for their own purposes. As such, Cargill exercised sufficient control over Plaintiff and other non-exempt employees during these required temperature checks and owes them wages for this time.

11.    Plaintiff and other similarly situated non-exempt employees or former non-exempt employees at all times pertinent hereto were not exempt from the overtime provisions of California law, and the implementing rules and regulations of the IWC California Wage Orders.

3

CLASS ACTION COMPLAINT

12. Defendants on multiple occasions have failed to comply with <u>Labor Code</u> §226(a) by not providing itemized wage statements accurately showing, including but not limited to, total hours worked and all earned wages at applicable rates.

13. At the time Plaintiff's employment and the employment of other former non-exempt employees of Defendants ended, Defendants willfully failed to pay wages for all time worked.

<div align="center"><b>CLASS ACTION ALLEGATIONS</b></div>

14. Plaintiff brings this action on behalf of himself, and all others similarly situated, as a class action pursuant to California <u>Code of Civil Procedure</u> §382. Plaintiff seeks to represent three Classes composed of and defined as follows:

**Non-Exempt Employee Class**

All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Non-Exempt Employee Class").

**Late Pay Class**

All former employees of Defendants within the State of California at any time commencing three (3) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who did not receive all their wages upon termination and or resignation of their employment (collectively referred to as "Late Pay Class").

**Wage Statement Class**

All current and former employees of Defendants within the State of California, to whom, at any time commencing one (1) year preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, were provided with wage statements (collectively referred to as "Wage Statement Class").

15. Plaintiff reserves the right under California <u>Rules of Court</u> Rule 3.765(b), to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

16. This action has been brought and may properly be maintained as a class action under the provisions of California <u>Code of Civil Procedure</u> §382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

<div align="center">4</div>
<div align="center">CLASS ACTION COMPLAINT</div>

1    **A.    Numerosity**

2        17.    The potential members of the Class as defined are so numerous that joinder of all

3    the members of the Class is impracticable. While the precise number of Class Members has not

4    been determined at this time, Plaintiff is informed and believes that there are over 100 Class

5    Members employed by Defendants within the State of California.

6        18.    Accounting for employee turnover during the relevant periods necessarily increases

7    this number. Plaintiff alleges Defendants' employment records would provide information as to

8    the number and location of all Class Members. Joinder of all members of the proposed Class is

9    not practicable.

10   **B.    Commonality**

11       19.    There are questions of law and fact common to Class Members. These common

12   questions include, but are not limited to:

13           (1)    Did Defendants violate Labor Code §1194 by not compensating Class

14                  Members overtime wages?

15           (2)    Did Defendants violate Labor Code § 1194 and 1197 by not paying Class

16                  Members minimum wages for all hours worked?

17           (3)    Did Defendants violate Labor Code §§ 201 and 202 by failing to pay Class

18                  Members upon termination or resignation all wages earned?

19           (4)    Are Defendants liable to Class Members for penalty wages under Labor

20                  Code § 203?

21           (5)    Did Defendants violate Labor Code § 226(a) by not furnishing Class

22                  Members with accurate wage statements?

23           (6)    Did Defendants violate the Unfair Competition Law, Business and

24                  Professions Code §17200, *et seq.*, by its unlawful practices as alleged

25                  herein?

26           (7)    Are Class Members entitled to restitution of penalty wages under Business

27                  and Professions Code § 17203?

28           (8)    Are Class Members entitled to attorney's fees?

1        (9)     Are Class Members entitled to interest?

2    **C.    Typicality**

3        20.     The claims of Plaintiff herein alleged are typical of those claims which could be

4    alleged by any member of the classes, and the relief sought is typical of the relief which would be

5    sought by each of the members of the classes in separate actions.  Plaintiff and all members of the

6    Classes sustained injuries and damages arising out of and caused by Defendants' common course

7    of conduct in violation of laws and regulations that have the force and effect of law and statutes as

8    alleged herein.

9    **D.    Adequacy of Representation**

10       21.     Plaintiff will fairly and adequately represent and protect the interests of the

11   members of the Classes.  Counsel who represents Plaintiff is competent and experienced in

12   litigating wage and hour class actions.

13   **E.    Superiority of Class Action**

14       22.     A class action is superior to other available means for the fair and efficient

15   adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and

16   questions of law and fact common to the Class predominate over any questions affecting only

17   individual members of the Class.  Each member of the Class has been damaged and is entitled to

18   recovery by reason of Defendants' illegal pattern and practice of failing to pay wages for all time

19   worked, failing to provide accurate itemized wage statements, and failing to pay all wages due

20   upon termination and/or resignation, as described herein.

21       23.     Class action treatment will allow those similarly situated persons to litigate their

22   claims in the manner that is most efficient and economical for the parties and the judicial system.

23   Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

24   action that would preclude its maintenance as a class action.

25   ///

26   ///

27   ///

28   ///

CLASS ACTION COMPLAINT

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(By Plaintiff and the Class Against All Defendants)**

24.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

25.     At all times relevant to this complaint, California Labor Code §510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Overtime pay is computed based on the regular rate of pay. The regular rate of pay includes many different kinds of remuneration. Under California law, the determination of regular rate of pay for purposes of determining overtime pay must include the employee's commissions, bonuses, or other non-hourly compensation.

26.     At all times herein mentioned, Plaintiff and Non-Exempt Employee Class regularly worked for Defendants during shifts that consisted of more than eight hours in a work day and/or more than forty hours in a work week and on multiple occasions these employees have not been paid overtime wages as a result of requiring Plaintiff and other California non-exempt employees to wait in line for COVID-19 temperature checks prior to the start of their shift.

27.     Accordingly, by requiring Plaintiff and Non-Exempt Employee Class to work in excess of eight hours per day and/or forty hours per week and without properly compensating overtime wages, as described herein, Defendants willfully violated the provisions of Labor Code §1194.

28.     As a result of the unlawful acts of Defendants, Plaintiff and the Non-Exempt Employee Class have been deprived of overtime wages in an amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorney's fees, and costs, pursuant to Labor Code §§1194 and 1199; Code of Civil Procedure §1021.5; and Civil Code §3287.

///

7

## SECOND CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES UPON TERMINATION

**(By Plaintiff and the Class Against All Defendants)**

29.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

30.     At all relevant times, Plaintiff and the members of the Non-Exempt Employee Class were employees of Defendants covered by Labor Code §1197 and applicable Wage Orders.

31.     Pursuant to Labor Code §1197 and applicable Wage Orders, Plaintiff and the members of the Non-Exempt Employee Class were entitled to receive minimum wages for all hours worked.

32.     At all times herein mentioned, to the extent that Plaintiff and Non-Exempt Employee Class worked for Defendants during shifts that were less than eight hours in a work day and/or less than forty hours in a work week, on multiple occasions these employees have not been paid minimum wage, as a result of not being compensated for all hours worked, as described herein.

33.     Defendants failure to pay Plaintiff and members of the Non-Exempt Employee Class minimum wages for all hours worked, as described herein, is in violation of Labor Code §1197 and applicable Wage Orders.  As a result of Defendants' pattern and practice, Plaintiff and members of the Non-Exempt Employee Class have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked.

34.     Pursuant to Labor Code §§ 1194 and 1194.2 Plaintiff and members of the Non-Exempt Employee Class are entitled to recover the full amount of unpaid minimum wages, prejudgment interest, liquidated damages, reasonable attorneys' fees, and costs of suit.

///

///

///

///

8

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES UPON TERMINATION**

**(By Plaintiff and the Class Against All Defendants)**

35.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

36.     At all relevant times, Plaintiff and other members of the Late Pay Class were employees of Defendants covered by Labor Code §§ 201 and 202.

37.     Pursuant to Labor Code §§ 201 or 202, Plaintiff and other members of the Late Pay Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination.  Discharged employers were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

38.     Defendants failed to pay Plaintiff and other members of the Late Pay Class all wages earned and unpaid prior to termination in accordance with Labor Code §§ 201 or 202. Plaintiff and other members of the Late Pay Class are informed and believe and thereon allege that within the applicable limitations period, Defendants had a pattern and practice of not paying upon termination, the wages owed to them as a consequence of failing to pay non-exempt employees for all hours worked, as described herein.

39.     Defendants' failure to pay Plaintiff and members of the Late Pay Class all wages earned prior to termination in accordance with Labor Code §§ 201 and 202 was wilful. Defendants had the ability to pay all wages earned by Plaintiff and other members of the Late Pay Class at the time of termination in accordance with Labor Code §§ 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code §§ 201 and 202.

40.     Pursuant to Labor Code §§ 201 and 202 Plaintiff and other members of the Late Pay Class are entitled to all wages earned prior to termination that Defendants failed to pay them.

41.     Pursuant to Labor Code § 203, Plaintiff and other members of the Late Pay Class

9

1  are entitled to penalty wages from the date their earned and unpaid wages were due, upon

2  termination, until paid, up to a maximum of 30 days.

3      42.     As a result of Defendants' unlawful conduct Plaintiff and other members of the

4  Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not

5  paid for all wages earned prior to termination.

6      43.     As a result of Defendants' unlawful conduct Plaintiff and the other members of the

7  Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not

8  paid all penalty wages owed under Labor Code § 203.

9      44.     Pursuant to Labor Code §§ 218 and 218.5, Plaintiff and the other members of the

10  Late Pay Class are entitled to recover the full amount of their unpaid wages, penalty wages under

11  Labor Code § 203, reasonable attorney's fees, and costs of suit.  Pursuant to Labor Code § 218.6 or

12  Civil Code § 3287(a), Plaintiff and the other members of the Late Pay Class are entitled to recover

13  prejudgment interest on the amount of their unpaid wages and unpaid penalty wages.

14                        **FOURTH CAUSE OF ACTION**

15            **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

16               **(By Plaintiff and the Class Against All Defendants)**

17      45.     Plaintiff realleges and incorporates by reference all of the allegations contained in

18  the preceding paragraphs of this Complaint as though fully set forth herein.

19      46.     At all relevant times, Plaintiff and the other members of the Wage Statement Class

20  were employees of Defendants covered by Labor Code § 226.

21      47.     Pursuant to Labor Code § 226(a), Plaintiff and the other members of the Wage

22  Statement Class were entitled to receive, semi-monthly or at the time of each payment of wages,

23  an accurate itemized statement showing gross wages earned, net wages earned, all applicable

24  hourly rates in effect during the pay period and the corresponding number of hours worked at each

25  hourly rate by the employee.

26      48.     Defendants failed to provide Plaintiff and the other members of the Wage

27  Statement Class accurate itemized wage statements in accordance with Labor Code § 226(a).

28  ///

**CLASS ACTION COMPLAINT**

49. Plaintiff and the other members of the Wage Statement Class are informed and believe and thereon allege that at all relevant times, Defendants maintained and continue to maintain a policy and practice of issuing wage statements that do not show, including but not limited to, all hours worked and all earned wages and pay due for all hours worked at applicable rates of pay. Defendants' practices resulted and continue to result in, the issuance of Wage Statements to Plaintiff and other members of the Class that do not comply with the itemization requirements.

50. Defendants' failure to provide Plaintiff and other members of the Wage Statement Class with accurate Wage Statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the other members of the Wage Statement Class with accurate Wage Statements, but intentionally provided wage statements that Defendants knew were not accurate.

51. As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has delayed timely challenge to Defendants' unlawful pay practices, requires discovery and mathematical computations to determine the amount of wages owed, causes difficulty and expense in attempting to reconstruct time and pay records, and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

52. Pursuant to Labor Code § 226(e), Plaintiff and other members of the Wage Statement Class are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code § 226 occurred and $100 for each violation of Labor Code § 226 in a subsequent pay period, not to exceed an aggregate penalty of $4,000 per employee.

53. Pursuant to Labor Code § 226(e) and § 226(g), Plaintiff and the other members of the Wage Statement Class were entitled to recover the full amount of penalties due under Labor Code § 226(e) reasonable attorney's fees and costs of suit.

///

///

///

CLASS ACTION COMPLAINT

**FIFTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**(By Plaintiff and Class Members Against All Defendants)**

54.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

55.     The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business & Professions Code § 17200.  Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the state of California that comply with their obligations to compensate employees in accordance with the Labor Code.

56.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and similarly situated Class Members have suffered injury in fact and lost money or property.  Plaintiff and similarly situated Class Members have been deprived from not being compensated wages for all hours worked, as described herein.

57.     Pursuant to Business & Professions Code § 17203, Plaintiff and similarly situated Class Members are entitled to restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest which Defendants failed to pay them but withheld and retained for themselves.  Restitution of the money owed to Plaintiff and similarly situated Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

58.     Plaintiff and similarly situated Class Members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

///

///

///

///

///

**CLASS ACTION COMPLAINT**

**PRAYER**

WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff prays for judgment against Defendants as follows:

A.      An order certifying that Plaintiff may pursue his claims against Defendants as a class action on behalf of the Class Members;

B.      An order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as class counsel;

C.      Penalties for inaccurate wage statements under Labor Code §226(e);

D.      Damages for unpaid wages under Labor Code §§201 or 202;

E.      Damages for unpaid penalty wages under Labor Code §203;

F.      Liquidated damages for unpaid minimum wage;

G.      Damages for unpaid overtime wages under Labor Code §1194;

H.      Restitution under Business and Professions Code §17203;

I.      Pre-judgment interest;

J.      Costs;

K.      Reasonable attorney's fees; and

L.      Such other and further relief as the Court deems just and proper.


DATED: March 27, 2023                    THE NOURMAND LAW FIRM, APC

                                    By:    _____
                                           Michael Nourmand, Esq.
                                           James A. De Sario, Esq.
                                           Ivan P. Medina, Esq.
                                           Attorneys for Plaintiff

CLASS ACTION COMPLAINT

# EXHIBIT B

**Computershare**

Computershare Governance Services, Inc.
100 Beard Sawmill Road, Shelton, CT 06484

04/24/2023

Cargill Meat Solutions Corporation
Kristin Mitchell
Cargill
15407 McGinty Road West, MS24
Wayzata MN 55391

# SERVICE OF PROCESS NOTICE

Item: 2023-369

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| 1. | Entity Served: | Cargill Meat Solutions Corporation |
|---|---|---|
| 2. | Title of Action: | Jasmine Luvianio, on behalf of herself and all others similarly situated vs. Cargill Meat Solutions Corporation, et al. |
| 3. | Document(s) Served: | Summons<br>Class Action Complaint for Damages and Restitution<br>Notice of Case Assignment and Notice of Hearing<br>Case Management Statement |
| 4. | Court/Agency: | San Joaquin County Superior Court |
| 5. | State Served: | California |
| 6. | Case Number: | STK-CV-UOE-2023-3094 |
| 7. | Case Type: | Violations of California Labor Codes |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Friday 04/21/2023 |
| 10. | Date to Client: | Monday 04/24/2023 |
| 11. | # Days When Answer Due:<br>Answer Due Date: | 30<br>Sunday 05/21/2023 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender:<br>(Name, City, State, and Phone Number) | The Nourmand Law Firm, APC<br>Beverly Hills, CA<br>310-553-3600 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 051 |
| 16. | Notes: | Also Attached:<br>* Civil Case Cover Sheet, etc. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

# EXHIBIT C

1  Jason Barsanti (SBN 235807)
   *jbarsanti@cozen.com*
2  **COZEN O'CONNOR**
   501 West Broadway, Suite 1610
3  San Diego, CA  92101
   Telephone: 619.234.1700
4  Facsimile:  619.234.7831

5  Brett Greving  (SBN 270883)
    *bgreving@cozen.com*
6  **COZEN O'CONNOR**
   101 Montgomery Street, Suite 1400
7  San Francisco, CA  94104
   Telephone: (415)644-0914
8  Facsimile:  (415) 644-0978

9  Attorneys for Defendant
   **CARGILL MEAT SOLUTIONS CORPORATION**

10

11             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                 **FOR THE COUNTY OF SAN JOAQUIN**

13

| | |
|---|---|
| JASMINE LUVIANIO, on behalf of herself and all others similarly situated | Case No.: STK-CV-UOE-2023-0003094 |
| Plaintiff, | ASSIGNED FOR ALL PURPOSES TO JUDGE Jayne Lee DEPARTMENT 10C |
| vs. | |
| CARGILL MEAT SOLUTIONS CORPORATION, a Delaware Corporation; And DOES 1 - 100, inclusive, | **DEFENDANT CARGILL MEAT SOLUTIONS CORPORATION'S ANSWER TO CLASS ACTION COMPLAINT FOR DAMAGES AND RESTITUTION** |
| Defendants. | Date of first filing: March 29, 2023 |

COZEN O'CONNOR
501 WEST BROADWAY, SUITE 1610
SAN DIEGO, CA 92101

Defendant CARGILL MEAT SOLUTIONS CORPORATION ("Defendant"), hereby answers the unverified Putative Class Action Complaint (the "Complaint") brought by Plaintiff JASMINE LUVIANIO ("Plaintiff") and on behalf of all others similarly situated, as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies generally each and every allegation contained in the Complaint and further denies that Plaintiff or the allegedly similarly situated employees she purports to represent, suffered any harm, injury, damage, or loss in any amount whatsoever by reason of any acts or omissions of Defendant, and further denies that Plaintiff, or the similarly situated employees she purports to represent, are entitled to any legal or equitable relief in any amount or manner whatsoever from Defendant.

## AFFIRMATIVE DEFENSES

For and as a separate and affirmative defense to each and every claim for relief set forth in the Complaint, Defendant alleges as follows.

For purposes of these affirmative defenses, the term "Plaintiff" incorporates and includes Plaintiff Jasmine Luvianio and/or similarly situated employees of Defendant whom she purports to represent.

## FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

That some or all of Plaintiff's claims and/or some or all of the claims of the similarly situated employees she purports to represent are barred in whole or in part by the applicable statutes of limitations, including but not limited to, those limitations set forth in California Code of Civil Procedure §§ 338, 340, 343 and California Labor Code § 203.

COZEN O'CONNOR
501 WEST BROADWAY, SUITE 1610
SAN DIEGO, CA 92101

1  **SECOND AFFIRMATIVE DEFENSE**

2  **(Laches)**

3       The Complaint, and each purported cause of action alleged therein, is barred in whole

4  or in part by the doctrine of laches.

5  **THIRD AFFIRMATIVE DEFENSE**

6  **(Estoppel)**

7       Defendant is informed and believes, and on this basis alleges, that Plaintiff and/or the

8  similarly situated employees she purports to represent are estopped by their own actions and conduct

9  from asserting any cause of action against Defendant. The following allegations are likely to have

10 evidentiary support after a reasonable opportunity to conduct further investigation and/or discovery:

11 Plaintiff and/or the similarly situated employees she purports to represent, by either their statements or

12 conduct, have caused Defendant to believe something to be true and to act on that belief.

13

14 **FOURTH AFFIRMATIVE DEFENSE**

15 **(Waiver)**

16      Defendant is informed and believes that Plaintiff and/or the similarly situated employees

17 she purports to represent have engaged in conduct and activity sufficient to constitute waiver of any

18 right to assert the claims upon which he or they now seek relief. The following allegations are likely to

19 have evidentiary support after a reasonable opportunity to conduct further investigation and/or

20 discovery: Plaintiff and/or the similarly situated employees she purports to represent had knowledge

21 of an existing right and intended to waive or forego that right through his or their words and/or conduct.

22

23 **FIFTH AFFIRMATIVE DEFENSE**

24 **(Consent)**

25      Defendant is informed and believes, and on this basis allege, that Plaintiff and/or the

26 similarly situated employees she purports to represent are unable to state a cause of action against

27 Defendant because Plaintiff and/or the similarly situated employees she purports to represent consented

28 to any and all action allegedly taken by Defendant.

COZEN O'CONNOR
501 WEST BROADWAY, SUITE 1610
SAN DIEGO, CA 92101

COZEN O'CONNOR
501 WEST BROADWAY, SUITE 1610
SAN DIEGO, CA 92101

### SIXTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

That some or all of Plaintiff's and/or some or all of the claims of the allegedly aggrieved/similarly situated she purports to represent are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

While denying any wrongdoing or damage to Plaintiff and/or the similarly situated employees she purports to represent, Defendant alleges that the claimed recovery is barred or diminished by a failure to mitigate.

### EIGHTH AFFIRMATIVE DEFENSE

**(Offset)**

Defendant is entitled to an offset against any relief due Plaintiff and/or the similarly situated persons she purports to represent for payments made to which Plaintiff and/or the similarly situated persons she purports to represent to which they were not legally entitled.

### NINTH AFFIRMATIVE DEFENSE

**(Avoidable Consequences)**

Plaintiff's Complaint is barred, in whole or in part, under the avoidable consequences doctrine. Defendant had procedures in place for reporting any issues, which Plaintiff and/or the similarly situated persons she purports to represent unreasonably failed to use, and the reasonable use of Defendant's preventive and corrective measures would have prevented some or all of the harm Plaintiff and/or the similarly situated persons they purports to represent allegedly suffered.

## TENTH AFFIRMATIVE DEFENSE

### (Actions Authorized)

To the extent, if any, that Defendant withheld or diverted any portion of any wages of any employee, Defendant was authorized to do so pursuant to California Labor Code § 224.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Comply With Directions)

Plaintiff's Complaint is barred by California Labor Code § 2856 to the extent that Plaintiff and/or any of the similarly situated employees she purports to represent, failed substantially to comply with all the directions of Defendant, and such failure proximately caused the alleged losses for which they seek relief.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

For and as a separate and affirmative defense to the fourth cause of action in the Complaint, Defendant alleges that Plaintiff's claims based on § 203 of the California Labor Code fail because Defendant has defenses, based on law or equity which, if successful, would preclude any recovery on the part of Plaintiff and/or any of the similarly situated employees she purports to represent.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing - Individual)

Plaintiff and/or the similarly situated employees she purports to represent lack standing under the California Labor Code to bring some or all of the claims alleged against Defendant.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cozen O'Connor
501 West Broadway, Suite 1610
San Diego, CA 92101

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Release)

To the extent Plaintiff and/or the similarly situated employees she purports to represent have executed, or are subject to, a settlement agreement or release encompassing the claims alleged in the Complaint, their claims are barred by that release.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Damaged by Own Conduct)

Defendant alleges that, should it be determined that Plaintiff and/or the similarly situated employees she purports to represent have been damaged, then said damages were proximately caused by their own conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Return to Office for Payment of Wages)

For and as a separate and affirmative defense to the third cause of action in the Complaint, Defendant alleges that the claims of Plaintiff and/or the similarly situated employees she purports to represent for waiting time penalties should be denied because they failed to return to the location in which they worked for payment of wages as required by the California Labor Code, including but not limited to section 208 thereto.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Good Faith – Reliance on Legislative or Administrative Authority)

Defendant's alleged failure to pay Plaintiff and/or the similarly situated employees she purports to represent wages, if at all, was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the California's Industrial Welfare Commission, United States Department of Labor, and/or other governmental agencies.

1

2

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Willful Actions)**

For and as a separate and affirmative defense to the third cause of action in the Complaint, Defendant alleges that Plaintiff's claims based on § 203 of the California Labor Code fail because Defendant's actions were not "willful" under California Labor Code section 203.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Defendant alleges that Plaintiff and/or the similarly situated employees she purports to represent were treated fairly and in good faith, and that all actions taken with regard to them by Defendant were taken for lawful business reasons and in good faith.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Reasonable Belief of No Violation)**

Defendant alleges that any violation of the California Labor Code or of a Wage Order of the Industrial Welfare Commission was an act or omission made in good faith, and that in any participation in such acts, Defendant had reasonable grounds for believing that the act or omission was not a violation of the California Labor Code or any Wage Order of the Industrial Welfare Commission.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Defendant's Conduct Not Willful or Intentional)**

Defendant alleges that assuming, *arguendo,* that Plaintiff and/or the similarly situated employees she purports to represent are entitled to additional compensation, Defendant has not willfully or intentionally failed to pay any such additional compensation to Plaintiff and/or the similarly situated employees she purports to represent to justify any awards of penalties or fees.

COZEN O'CONNOR
501 WEST BROADWAY, SUITE 1610
SAN DIEGO, CA 92101

**DEFENDANT CARGILL MEAT SOLUTIONS CORPORATION'S ANSWER TO CLASS ACTION COMPLAINT FOR DAMAGES AND RESTITUTION -Case No: STK-CV-UOE-2023-0003094**

COZEN O'CONNOR
501 WEST BROADWAY, SUITE 1610
SAN DIEGO, CA 92101

1

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

2

**(No Injury As A Result Of Violation of Labor Code § 226)**

3      For and as a separate and affirmative defense to the fourth cause of action in the

4  Complaint, Defendant alleges that neither Plaintiff nor and/or the similarly situated employees she

5  purports to represent have suffered any injury as a result of any alleged violation of Labor Code section

6  226 and therefore are barred from recovering penalties.

7

8

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

9

**(Improper Remedy Sought – 17200)**

10      As a separate and affirmative defense to Plaintiff's fifth cause of action under Business

11  & Professions Code sections 17200, *et seq*., Defendant alleges that it is barred to the extent that it seeks

12  a remedy other than restitution or injunctive relief.

13

14

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

15

**(Abstention/Preemption – 17200)**

16      As a separate and affirmative defense to Plaintiff's fifth cause of action under Business

17  & Professions Code sections 17200, *et seq*., Defendant alleges that its conduct is regulated by a detailed

18  and comprehensive enforcement scheme established under California law and Plaintiff's claims under

19  Business & Professions Code sections 17200, *et seq.* purport to establish an impermissible form of state

20  court regulations.

21

22

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

23

**(Absolute Bar to Relief – 17200)**

24      As a separate and affirmative defense to Plaintiff's fifth cause of action under Business

25  & Professions Code sections 17200, *et seq*., Defendant alleges that Plaintiff's cause of action for

26  Business & Professions Code sections 17200, *et seq.* cannot be used to state a cause of action the gist

27  of which is absolutely barred under the California Labor Code.

28

**DEFENDANT CARGILL MEAT SOLUTIONS CORPORATION'S ANSWER TO CLASS ACTION
COMPLAINT FOR DAMAGES AND RESTITUTION -Case No: STK-CV-UOE-2023-0003094**

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

As a separate and affirmative defense to Plaintiff's fifth cause of action under Business & Professions Code sections 17200, *et seq*., Defendant alleges that Plaintiff's restitution remedy is barred because they have an adequate remedy under the California Labor Code.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Equitable Relief Barred)**

While denying any wrongdoing or damage to Plaintiff and the putative class, to the extent that Plaintiff makes claims for injunctive and other equitable relief, those claims are barred because Plaintiff has an adequate and complete remedy at law.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Conflicts of Interest)**

Certain of the interests of one or more sub-groups of the members of the alleged class of persons Plaintiff purport to represent are in conflict with certain of the interests of one or more other sub-groups of the members of the alleged class of persons which Plaintiff purports to represent.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Preemption)**

The Complaint, and each purported cause of action alleged therein, is preempted, in whole or in part, by a federal, state or local law.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Class Action Requirements)**

Plaintiff's Complaint is barred because Plaintiff cannot meet the requirements to certify a class for the claims in the Complaint, including but not limited to, (1) the proposed class is not sufficiently numerous or ascertainable; (2) common issues of law and fact do not predominate; (3) the

COZEN O'CONNOR
501 WEST BROADWAY, SUITE 1610
SAN DIEGO, CA 92101

1  claims of the proposed class representatives are not typical of the class; (4) the proposed class

2  representatives cannot adequately represent the class; and, (5) a class action is not the superior means

3  to resolve the litigation.

4

5  <center>**ADDITIONAL DEFENSES**</center>

6  Defendant presently has insufficient knowledge or information upon which to form a

7  belief whether there may be additional, as yet unstated, defenses and reserves the right to assert

8  additional defenses in the event that discovery indicates that such defenses are appropriate.

9

10  <center>**PRAYER FOR RELIEF**</center>

11  WHEREFORE, Defendant prays as follows:

12  1.      Plaintiff take nothing by the Complaint and the Complaint be dismissed with

13  prejudice;

14  2.      That judgment be entered in favor of Defendant on all claims;

15  3.      For costs of suit and reasonable attorneys' fees incurred herein; and

16  4.      For such other and further relief as this Court deems proper.

17

18  Dated: May 22, 2023                           COZEN O'CONNOR

19

20                                                By: _____

21                                                Jason Barsanti
                                                  Brett Greving

22                                                Attorneys for Defendant
                                                  CARGILL MEAT SOLUTIONS
                                                  CORPORATION

23

24

25

26

27

28

COZEN O'CONNOR
501 WEST BROADWAY, SUITE 1610
SAN DIEGO, CA 92101

**PROOF OF SERVICE**

I, Julia A. Neymark, declare that I am employed at Cozen O'Connor, whose address is 101 Montgomery St, Suite 1400, San Francisco, CA 94104; I am over the age of eighteen (18) years and am not a party to this action.  On the below date, by the method noted below, I served the following document(s):

**DEFENDANT CARGILL MEAT SOLUTIONS CORPORATION'S ANSWER TO CLASS ACTION COMPLAINT FOR DAMAGES AND RESTITUTION**

on the interested parties in this action by placing a true and correct copy thereof

Michael Nourmand                                    Attorney for Plaintiff:  *Jasmine Luvianio*
James A. De Sario
Ivan P. Medina
**THE NOURMAND LAW FIRM, APC**
8822 West Olympic Boulevard
Beverly Hills, CA 90211

Tel:  (310) 553-3600
Fax:  (310) 553-3603

☒  **BY MAIL:**  By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the ordinary course of business for collection and mailing on this date at Cozen O'Connor, 101 Montgomery St, Suite 1400, San Francisco, CA 94104.   I declare that I am readily familiar with the business practice of Cozen O'Connor for collection and processing of correspondence for mailing with the United States Postal Service and that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

☒  **BY ELECTRONIC MAIL**:  By sending a portable document format (pdf) copy of the documents to email address:
mnourmand@nourmandlawfirm.com;  jdesario@nourmandlawfirm.com

☒  [State]  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  May 22, 2023

*J. Neymark*
Julia A. Neymark

COZEN O'CONNOR
101 MONTGOMERY ST., SUITE 1400
SAN FRANCISCO, CA 94104

# EXHIBIT D

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

### NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

#### Case Number: **STK-CV-UOE-2023-0003094**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 08/28/2023 | Time: 8:30 AM Department:10C |
|---|---|---|
| **JUDGE** | **COURT LOCATION** | **PHONE Numbers:** |
| THIS CASE HAS BEEN ASSIGNED TO JUDGE JAYNE LEE IN DEPARTMENT 10C FOR ALL PURPOSES, INCLUDING TRIAL | **Stockton** | Stockton: 209-992-5693<br>Lodi: 209-992-5522 |

[ X ] ADR & Scheduling Information is available on the court website @ sjcourts.org/self-help

1. You must:

   a. **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of filing of the complaint. (CRC 3.110)

   b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

   c. **Meet and Confer**, in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

   d. **Collection cases** are managed pursuant to CRC 3.740.

2. Case Management Conferences, Law and Motion and Ex Partes will be held remotely unless ordered otherwise. For telephonic appearance phone numbers, information and instructions visit @ https://www.sjcourts.org/division/civil.

3. If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do.

4. Courtesy Copies: Courtesy copies must be submitted as outlined in Local Rule 3-117. Courtesy copies (only) may be placed in the drop boxes located on the 10th and 11th floor. Courtesy copies can also be placed in the drop box located outside of the courthouse.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules, and forms.

Date: 03/29/2023                                                     Trudy Haley ,Deputy Clerk
### NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:          FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|

*(Check one):*  ☐ **UNLIMITED CASE**        ☐ **LIMITED CASE**
(Amount demanded                (Amount demanded is $25,000
exceeds $25,000)                 or less)

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                Time:            Dept.:          Div.:          Room:

Address of court *(if different from the address above):*

☐ **Notice of Intent to Appear by Telephone,** by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** *(answer one):*
    a. ☐  This statement is submitted by party *(name):*
    b. ☐  This statement is submitted **jointly** by parties *(names):*

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.  The complaint was filed on *(date):*
    b. ☐  The cross-complaint, if any, was filed on *(date):*

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b. ☐  The following parties named in the complaint or cross-complaint
        (1) ☐  have not been served *(specify names and explain why not):*

        (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*

        (3) ☐  have had a default entered against them *(specify names):*

    c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4.  **Description of case**
    a.  Type of case in  ☐  complaint      ☐  cross-complaint      *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.   b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

    ☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
     The party or parties request ☐ a jury trial ☐ a nonjury trial.    *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
     a.   ☐   The trial has been set for *(date):*
     b.   ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

     c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
     The party or parties estimate that the trial will take *(check one):*
     a.   ☐   days *(specify number):*
     b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
     The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
     a.   Attorney:
     b.   Firm:
     c.   Address:
     d.   Telephone number:      f.   Fax number:
     e.   E-mail address:      g.   Party represented:
     ☐   Additional representation is described in Attachment 8.

9.   **Preference**
     ☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**
     a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
         (1)   For parties represented by counsel: Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
         (2)   For self-represented parties: Party ☐ has ☐ has not   reviewed the ADR information package identified in rule 3.221.
     b.   **Referral to judicial arbitration or civil action mediation** *(if available).*
         (1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
         (2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
         (3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing to** participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011] **CASE MANAGEMENT STATEMENT** Page 3 of 5

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

    ☐ Bankruptcy ☐ Other *(specify):*

    Status:

**13. Related cases, consolidation, and coordination**

    a. ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

        ☐ Additional cases are described in Attachment 13a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | COURT USE ONLY |
|---|---|

TELEPHONE NO.:　　　　　　　　FAX NO.:
EMAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN**
☐LODI Branch　　☐ MANTECA Branch　　☐TRACY Branch　　☐STOCKTON Branch
315 W. Elm St.　　315 E. Center St.　　475 E. 10th St.　　222 E. Weber Ave.
Lodi, CA 95240　　Manteca, CA 95336　　Tracy, CA 95376　　Stockton, CA 95202

Plaintiff(s)/Petitioner(s):

Defendant(s)/Respondent(s):　　　　　　　　　　　　　　　CASE NUMBER:

## STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

Pursuant to California Rules of Court §3.726 the parties stipulate that all claims pursuant in this action shall be submitted to (select one):

☐Voluntary Mediation　　　　　　　　　☐Other (specify):

☐Non-Binding Judicial Arbitration CCP 1141.12 　　_____

☐Binding Arbitration (private)　　　　　　_____

Case Type: _____

Is the Neutral you selected listed on the Court's Panel of Mediators? ☐ Yes　　☐ No

Neutral's name and telephone number: _____ /(_____)_____

Date/Time of ADR Session: _____/_____a.m./p.m.  Location of ADR Session:_____

Identify by name ALL individuals (litigants and attorneys) who will attend the ADR session:

_____
_____
_____

Attorneys signing on behalf of their client(s) have been given the authority to stipulate to ADR.  Original signatures required.

| Type or print name of ☐Party without attorney ☐Attorney for ☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature) Attorney or Party without attorney |
|---|---|
| Type or print name of ☐Party without attorney ☐Attorney for ☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature) Attorney or Party without attorney |
| Type or print name of ☐Party without attorney ☐Attorney for ☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature) Attorney or Party without attorney |
| Type or print name of ☐Party without attorney ☐Attorney for ☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature) Attorney or Party without attorney |

## IT IS SO ORDERED: Dated:_____　_____
　　　　　　　　　　　　　　　　　　　　　　　　Judge of the Superior Court

**An ADR Review Hearing is scheduled for** _____**at** _____**a.m/p.m. in Dept. No.** _____.

**In the event that the case is resolved and a dismissal-entire action, a notice of settlement or judgment is on file 5 days before the hearing, the ADR Hearing will be dropped and all appearances will be excused.**

STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)
Sup Crt 441 (6/09)

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br> Michael Nourmand, Esq.; Ivan P. Medina, Esq. SBN: 198439; 323360 <br> THE NOURMAND LAW FIRM, APC <br> 8822 West Olympic Boulevard, Beverly Hills, California 90211 <br> TELEPHONE NO: (310) 553-3600 FAX NO. *(Optional):* (310) 553-3603 <br> E-MAIL ADDRESS: <br> ATTORNEY FOR *(Name):* Plaintiff, Jasmine Luviano | **FOR COURT USE ONLY** <br><br> 2023 MAR 28 P 3:27 <br><br> TRUDI EMLEY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN JOAQUIN
STREET ADDRESS: 180 East Weber Avenue
MAILING ADDRESS: 180 East Weber Avenue
CITY AND ZIP CODE: Stockton, 95202
BRANCH NAME: Stockton Courthouse

**CASE NAME:** Jasmine Luviano, et al. v. Cargill Meat Solutions Corporation, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | STK-CV- UOE-2023- 3094 |
|---|---|---|---|
| [X] Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | [ ] Limited <br> (Amount <br> demanded is <br> $25,000 or less) | [ ] Counter [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)
   **Employment**
   [ ] Wrongful termination (36)
   [X] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)
   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)
   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)
   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)
   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint *(not specified above)* (42)
   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 5
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 27, 2023
Ivan P. Medina, Esq.
_____
(TYPE OR PRINT NAME)
▶
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California | **CIVIL CASE COVER SHEET** <br> FILED BY FAX | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition



# Superior Court of California, County of San Joaquin
# Alternative Dispute Resolution (ADR) Information Packet

---

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> *Indicating your preference on Case Management Statement form CM-110;
>
> *Filing the Stipulation and Order to Participate in Alternative Dispute Resolution (ADR) *local court form Sup Crt 441*; or
>
> *Agree to ADR at your initial Case Management Conference.
>
> **Questions?** Call (209) 992-5693 and ask for the ADR Clerk,
> email at adr@sjcourts.org or visit the court website at www.sjcourts.org

## What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Trained impartial persons, called 'neutrals', resolve disputes or help parties resolve disputes without having to go to court. The most common forms of ADR are mediation and arbitration. There are several other types of ADR such as case evaluation, conciliations, settlement conferences, fact finding, mini-trials and summary jury trials. It is important to find the type or types of ADR that are most likely to resolve your dispute.

## What are the Advantages of using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorney's fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

*ADR Information Packet (7/15)*

## What is the Disadvantage of using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.
- *Cost* – The neutral may charge a fee for their services.
- *Timelines* – Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in and ADR process.

## What ADR options are available?

- **Mediation** – The Civil Mediation Program is a voluntary court-connected program designed to deliver high-quality affordable mediation services to attorneys and litigants in all general civil cases. Mediation gives litigants a voice in settlement decisions and thereby allows them to play a more direct role in managing the outcome of their own case. The Superior Court of California, County of San Joaquin, is pleased to offer this important and valuable option for resolution of litigation.
  - ➤ Mediation is an informal, confidential, flexible and non-binding process which a neutral person (mediator) helps the parties to understand the interest of everyone involved, and their practical and legal choices. The mediator does not decide the dispute, but helps the parties communicate so they can try to settle the dispute themselves. **Mediation leaves control of the outcome with the parties.**
  - ➤ Mediators are experienced attorneys who have completed a Court-approved formal mediation training program. A copy of the Civil Mediation Program Panelist is available on the court website at www.sjcourts.org
    See Local Rule 3-123 for additional Civil Mediation Program information.

- **Arbitration** – A neutral person (arbitrator) hears arguments and evidence from each side and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit.
  - ➤ *Judicial Arbitration Program* (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award *and proceed to trial.* See Local Rule 3-122 for additional Judicial Arbitration information.
  - ➤ *Private Arbitration* (binding and non-binding): Occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

- **Additional Information** regarding San Joaquin County Superior Court's ADR programs is available on the Court's website at www.sjcourts.org

*ADR Information Packet (7/15)*

APR 2 1 2023