Michael Nourmand, Esq. (SBN 198439)
mnourmand@nourmandlawfirm.com
James A. De Sario, Esq. (SBN 262552)
jdesario@nourmandlawfirm.com
Kyle J. Ignatius, Esq. (SBN 348857)
kignatius@nourmandlawfirm.com
**THE NOURMAND LAW FIRM, APC**
8822 West Olympic Boulevard
Beverly Hills, California 90211
Telephone: (310) 553-3600
Facsimile: (310) 553-3603

Attorneys for Plaintiff,
JASMINE LUVIANO, on behalf
of herself and all others similarly situated

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE LUVIANIO, on behalf of herself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CARGILL MEAT SOLUTIONS CORPORATION, a Delaware corporation; and DOES 1 through 100, Inclusive<br><br>Defendants. | CASE NO.: 2:23-CV-00959-ADA-SKO<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND RESTITUTION**<br><br>1.   **FAILURE TO PAY OVERTIME WAGES;**<br><br>2.   **FAILURE TO MINIMUM WAGE;**<br><br>3.   **FAILURE TO PAY ALL WAGES UPON TERMINATION;**<br><br>4.   **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS;**<br><br>5.   **UNFAIR COMPETITION; and**<br><br>6.   **CIVIL PENALTIES LABOR CODE §2699 et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW plaintiff JASMINE LUVIANO (hereinafter "Ms. Luviano" and/or "Plaintiff") on behalf of herself and all others similarly situated, and alleges as follows:

///

///

## GENERAL ALLEGATIONS

## INTRODUCTION

1.    This is a Class Action, pursuant to California Code of Civil Procedure §382, on behalf of Plaintiff and all other current and former similarly situated employees employed by or formerly employed by CARGILL MEAT SOLUTIONS CORPORATION ("Cargill") and any subsidiaries or affiliated companies, within the State of California (hereinafter collectively referred to as "Defendants").

2.    For at least four (4) years prior to the filing of this action and through to the present, Defendants, on multiple occasions, have had a pattern and practice of failing to pay wages for all time worked, including overtime wages, as a result of requiring Plaintiff and other California non-exempt employees to wait in line for COVID-19 temperature checks prior to the start of their shift.

3.    Plaintiff, on behalf of herself and all other similarly situated employees, brings this action pursuant to, including but not limited to, California Labor Code §§ 200, 201, 202, 203, 226, 510, 1194, 1194.2, 1197, 2698 et seq., and California Code of Regulations, Title 8, §11070, seeking unpaid overtime and minimum wages, penalties, and reasonable attorney's fees and costs.

4.    Plaintiff, on behalf of herself and all other similarly situated employees, pursuant to California Business & Professions Code §§17200-17208 also seeks all monies owed but withheld and retained by Defendants to which Plaintiff and members of the Class are entitled.

## PARTIES

A.    **Plaintiff**

5.    Venue as to each defendant is proper in this judicial district, pursuant to California Code of Civil Procedure § 395.  Defendants operate and do business in California, and each defendant is within the jurisdiction of this court for service of process purposes.  The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California.  Defendants employ numerous Class Members in the State of California.

6.    Plaintiff, Ms. Luviano, is a resident of the State of California. At all relevant times herein, she has been employed by Defendants as a non-exempt employee in California

FIRST AMENDED CLASS ACTION COMPLAINT

working as a product bagger and cyrovac operator.

**B. <u>Defendants</u>**

7.     Defendant, Cargill, a Delaware corporation, is a processor and distributor of fresh beef, pork, turkey, and other cooked and marinated meat products within the State of California. Cargill employed Plaintiff and similarly situated persons within the State of California.

8.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under <u>Code of Civil Procedure</u> §474. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

9.     Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respect pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

**FACTUAL BACKGROUND**

10.     Defendants, on multiple occasions, have had a pattern and practice of not compensating Plaintiff and other similarly situated employees wages for all time worked, including overtime wages, as a result of requiring Plaintiff and other California non-exempt employees to wait in line for COVID-19 temperature checks prior to the start of their shift and not compensating them for this work time. That is, Plaintiff and other non-exempt employees were required to wait in line and undergo temperature checks for COVID-19 prior to the start of their shift and could not use this time for their own purposes. As such, Cargill exercised sufficient control over Plaintiff and other non-exempt employees during these required temperature checks and owes them wages for this time.

11.     Plaintiff and other similarly situated non-exempt employees or former non-exempt employees at all times pertinent hereto were not exempt from the overtime provisions of California

FIRST AMENDED CLASS ACTION COMPLAINT

1 law, and the implementing rules and regulations of the IWC California Wage Orders.

2    12.    Defendants, on multiple occasions, have failed to comply with Labor Code §226(a)

3 by not providing itemized wage statements accurately showing, including but not limited to, total

4 hours worked and all earned wages at applicable rates.

5    13.    At the time Plaintiff's employment and the employment of other former non-

6 exempt employees of Defendants ended, Defendants willfully failed to pay wages for all time

7 worked.

8                           **CLASS ACTION ALLEGATIONS**

9    14.    Plaintiff brings this action on behalf of herself, and all others similarly situated,

10 as a class action pursuant to California Code of Civil Procedure §382.  Plaintiff seeks to represent

11 three Classes composed of and defined as follows:

12              **Non-Exempt Employee Class**

13              All current and former employees of Defendants within the State of California at
              any time commencing four (4) years preceding the filing of Plaintiff's complaint up
14              until the time that notice of the class action is provided to the class (collectively
              referred to as "Non-Exempt Employee Class").
15
              **Late Pay Class**
16
              All former employees of Defendants within the State of California at any time
17              commencing three (3) years preceding the filing of Plaintiff's complaint up until the
              time that notice of the class action is provided to the class, who did not receive all
18              their wages upon termination and or resignation of their employment (collectively
              referred to as "Late Pay Class").
19
              **Wage Statement Class**
20
              All current and former employees of Defendants within the State
21              of California, to whom, at any time commencing one (1) year
              preceding the filing of Plaintiff's complaint up until the time that
22              notice of the class action is provided to the class, were provided with
              wage statements (collectively referred to as "Wage Statement Class").
23
24   15.    Plaintiff reserves the right under California Rules of Court Rule 3.765(b), to amend

25 or modify the class description with greater specificity or further division into subclasses or

26 limitation to particular issues.

27   16.    This action has been brought and may properly be maintained as a class action

28 under the provisions of California Code of Civil Procedure §382 because there is a well-defined

community of interest in the litigation and the proposed Class is easily ascertainable.

### A. <u>Numerosity</u>

17.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that there are over 100 Class Members employed by Defendants within the State of California.

18.     Accounting for employee turnover during the relevant periods necessarily increases this number.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

### B. <u>Commonality</u>

19.     There are questions of law and fact common to Class Members.  These common questions include, but are not limited to:

> (1)     Did Defendants violate <u>Labor Code</u> §1194 by not compensating Class Members overtime wages?
>
> (2)     Did Defendants violate <u>Labor Code</u> § 1194 and 1197 by not paying Class Members minimum wages for all hours worked?
>
> (3)     Did Defendants violate <u>Labor Code</u> §§ 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?
>
> (4)     Are Defendants liable to Class Members for penalty wages under <u>Labor Code</u> § 203?
>
> (5)     Did Defendants violate <u>Labor Code</u> § 226(a) by not furnishing Class Members with accurate wage statements?
>
> (6)     Did Defendants violate the Unfair Competition Law, <u>Business and Professions Code</u> §17200, *et seq.*, by its unlawful practices as alleged herein?
>
> (7)     Are Class Members entitled to restitution of penalty wages under <u>Business and Professions Code</u> § 17203?

FIRST AMENDED CLASS ACTION COMPLAINT

1         (8)    Are Class Members entitled to attorney's fees?

2         (9)    Are Class Members entitled to interest?

3   **C.**    **Typicality**

4       20.    The claims of Plaintiff herein alleged are typical of those claims which could be

5   alleged by any member of the classes, and the relief sought is typical of the relief which would be

6   sought by each of the members of the classes in separate actions.  Plaintiff and all members of the

7   Classes sustained injuries and damages arising out of and caused by Defendants' common course

8   of conduct in violation of laws and regulations that have the force and effect of law and statutes as

9   alleged herein.

10       **D.**    **Adequacy of Representation**

11       21.    Plaintiff will fairly and adequately represent and protect the interests of the

12   members of the Classes.  Counsel who represents Plaintiff is competent and experienced in

13   litigating wage and hour class actions.

14       **E.**    **Superiority of Class Action**

15       22.    A class action is superior to other available means for the fair and efficient

16   adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and

17   questions of law and fact common to the Class predominate over any questions affecting only

18   individual members of the Class.  Each member of the Class has been damaged and is entitled to

19   recovery by reason of Defendants' illegal pattern and practice of failing to pay wages for all time

20   worked, failing to provide accurate itemized wage statements, and failing to pay all wages due

21   upon termination and/or resignation, as described herein.

22       23.    Class action treatment will allow those similarly situated persons to litigate their

23   claims in the manner that is most efficient and economical for the parties and the judicial system.

24   Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

25   action that would preclude its maintenance as a class action.

26   ///

27   ///

28   ///

FIRST AMENDED CLASS ACTION COMPLAINT

## FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

#### (By Plaintiff and the Class Against All Defendants)

24.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

25.     At all times relevant to this complaint, California Labor Code §510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."  Overtime pay is computed based on the regular rate of pay.  The regular rate of pay includes many different kinds of remuneration.  Under California law, the determination of regular rate of pay for purposes of determining overtime pay must include the employee's commissions, bonuses, or other non-hourly compensation.

26.     At all times herein mentioned, Plaintiff and Non-Exempt Employee Class regularly worked for Defendants during shifts that consisted of more than eight hours in a work day and/or more than forty hours in a work week and on multiple occasions these employees have not been paid overtime wages as a result of requiring Plaintiff and other California non-exempt employees to wait in line for COVID-19 temperature checks prior to the start of their shift.

27.     Accordingly, by requiring Plaintiff and Non-Exempt Employee Class to work in excess of eight hours per day and/or forty hours per week and without properly compensating overtime wages, as described herein, Defendants willfully violated the provisions of Labor Code §1194.

28.     As a result of the unlawful acts of Defendants, Plaintiff and the Non-Exempt Employee Class have been deprived of overtime wages in an amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorney's fees, and costs, pursuant to Labor Code §§1194 and 1199; Code of Civil Procedure §1021.5; and Civil Code §3287.

///

7

FIRST AMENDED CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES UPON TERMINATION

### (By Plaintiff and the Class Against All Defendants)

29.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

30.     At all relevant times, Plaintiff and the members of the Non-Exempt Employee Class were employees of Defendants covered by Labor Code §1197 and applicable Wage Orders.

31.     Pursuant to Labor Code §1197 and applicable Wage Orders, Plaintiff and the members of the Non-Exempt Employee Class were entitled to receive minimum wages for all hours worked.

32.     At all times herein mentioned, to the extent that Plaintiff and Non-Exempt Employee Class worked for Defendants during shifts that were less than eight hours in a work day and/or less than forty hours in a work week, on multiple occasions these employees have not been paid minimum wage, as a result of not being compensated for all hours worked, as described herein.

33.     Defendants failure to pay Plaintiff and members of the Non-Exempt Employee Class minimum wages for all hours worked, as described herein, is in violation of Labor Code §1197 and applicable Wage Orders.  As a result of Defendants' pattern and practice, Plaintiff and members of the Non-Exempt Employee Class have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked.

34.     Pursuant to Labor Code §§ 1194 and 1194.2 Plaintiff and members of the Non-Exempt Employee Class are entitled to recover the full amount of unpaid minimum wages, prejudgment interest, liquidated damages, reasonable attorneys' fees, and costs of suit.

///

///

///

///

FIRST AMENDED CLASS ACTION COMPLAINT

## THIRD CAUSE OF ACTION

## <u>FAILURE TO PAY ALL WAGES UPON TERMINATION</u>

### (By Plaintiff and the Class Against All Defendants)

35.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

36.     At all relevant times, Plaintiff and other members of the Late Pay Class were employees of Defendants covered by <u>Labor Code</u> §§ 201 and 202.

37.     Pursuant to <u>Labor Code</u> §§ 201 or 202, Plaintiff and other members of the Late Pay Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employers were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

38.     Defendants failed to pay Plaintiff and other members of the Late Pay Class all wages earned and unpaid prior to termination in accordance with <u>Labor Code</u> §§ 201 or 202. Plaintiff and other members of the Late Pay Class are informed and believe and thereon allege that within the applicable limitations period, Defendants had a pattern and practice of not paying upon termination, the wages owed to them as a consequence of failing to pay non-exempt employees for all hours worked, as described herein.

39.     Defendants' failure to pay Plaintiff and members of the Late Pay Class all wages earned prior to termination in accordance with <u>Labor Code</u> §§ 201 and 202 was wilful. Defendants had the ability to pay all wages earned by Plaintiff and other members of the Late Pay Class at the time of termination in accordance with <u>Labor Code</u> §§ 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of <u>Labor Code</u> §§ 201 and 202.

40.     Pursuant to <u>Labor Code</u> §§ 201 and 202 Plaintiff and other members of the Late Pay Class are entitled to all wages earned prior to termination that Defendants failed to pay them.

///

FIRST AMENDED CLASS ACTION COMPLAINT

41.     Pursuant to Labor Code § 203, Plaintiff and other members of the Late Pay Class are entitled to penalty wages from the date their earned and unpaid wages were due, upon termination, until paid, up to a maximum of 30 days.

42.     As a result of Defendants' unlawful conduct Plaintiff and other members of the Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination.

43.     As a result of Defendants' unlawful conduct Plaintiff and the other members of the Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not paid all penalty wages owed under Labor Code § 203.

44.     Pursuant to Labor Code §§ 218 and 218.5, Plaintiff and the other members of the Late Pay Class are entitled to recover the full amount of their unpaid wages, penalty wages under Labor Code § 203, reasonable attorney's fees, and costs of suit.  Pursuant to Labor Code § 218.6 or Civil Code § 3287(a), Plaintiff and the other members of the Late Pay Class are entitled to recover prejudgment interest on the amount of their unpaid wages and unpaid penalty wages.

### FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

#### (By Plaintiff and the Class Against All Defendants)

45.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

46.     At all relevant times, Plaintiff and the other members of the Wage Statement Class were employees of Defendants covered by Labor Code § 226.

47.     Pursuant to Labor Code § 226(a), Plaintiff and the other members of the Wage Statement Class were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement showing gross wages earned, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

48.     Defendants failed to provide Plaintiff and the other members of the Wage Statement Class accurate itemized wage statements in accordance with Labor Code § 226(a).

FIRST AMENDED CLASS ACTION COMPLAINT

49.     Plaintiff and the other members of the Wage Statement Class are informed and believe and thereon allege that at all relevant times, Defendants maintained and continue to maintain a policy and practice of issuing wage statements that do not show, including but not limited to, all hours worked and all earned wages and pay due for all hours worked at applicable rates of pay. Defendants' practices resulted and continue to result in, the issuance of Wage Statements to Plaintiff and other members of the Class that do not comply with the itemization requirements.

50.     Defendants' failure to provide Plaintiff and other members of the Wage Statement Class with accurate Wage Statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the other members of the Wage Statement Class with accurate Wage Statements, but intentionally provided wage statements that Defendants knew were not accurate.

51.     As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has delayed timely challenge to Defendants' unlawful pay practices, requires discovery and mathematical computations to determine the amount of wages owed, causes difficulty and expense in attempting to reconstruct time and pay records, and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

52.     Pursuant to Labor Code § 226(e), Plaintiff and other members of the Wage Statement Class are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code § 226 occurred and $100 for each violation of Labor Code § 226 in a subsequent pay period, not to exceed an aggregate penalty of $4,000 per employee.

53.     Pursuant to Labor Code § 226(e) and § 226(g), Plaintiff and the other members of the Wage Statement Class were entitled to recover the full amount of penalties due under Labor Code § 226(e) reasonable attorney's fees and costs of suit.

///

///

///

FIRST AMENDED CLASS ACTION COMPLAINT

# FIFTH CAUSE OF ACTION

## UNFAIR COMPETITION

### (By Plaintiff and Class Members Against All Defendants)

54.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

55.     The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business & Professions Code § 17200.  Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the state of California that comply with their obligations to compensate employees in accordance with the Labor Code.

56.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and similarly situated Class Members have suffered injury in fact and lost money or property.  Plaintiff and similarly situated Class Members have been deprived from not being compensated wages for all hours worked, as described herein.

57.     Pursuant to Business & Professions Code § 17203, Plaintiff and similarly situated Class Members are entitled to restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest which Defendants failed to pay them but withheld and retained for themselves.  Restitution of the money owed to Plaintiff and similarly situated Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

58.     Plaintiff and similarly situated Class Members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

# SIXTH CAUSE OF ACTION

## CIVIL PENALTIES LABOR CODE § 2699

### (By Plaintiff and Aggrieved Employees Against All Defendants)

59.     Plaintiff realleges and incorporate by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

FIRST AMENDED CLASS ACTION COMPLAINT

1    60.    During the period beginning one-year period preceding the filing of the Complaint
2 in this action (the "Civil Penalty Period"), Defendants violated, including but not limited, to Labor
3 Code §§ 200, 201, 202, 203, 226, 510, 1194, 1194.2, and 1197.

4    61.    Labor Code § 2699(a) and (g) authorize an aggrieved employee, on behalf of
5 themselves and other current and former employees, to bring a civil action to recover civil
6 penalties pursuant to the procedures specified in Labor Code § 2699.3.

7    62.    Plaintiff has complied with the procedures for bringing suit specified in Labor Code
8 § 2699.3.  On or about March 27, 2023, Plaintiff gave written notice to the Labor and Workforce
9 Development Agency ("LWDA") and to Defendants of the specified provisions of the Labor Code
10 alleged to have been violated, and the LWDA elected not to investigate.

11    63.    Pursuant to Labor Code § 2699(a) and (f), Plaintiff and the aggrieved employees are
12 entitled to recover civil penalties for Defendants' violations of the specified Labor Code sections
13 during the Civil Penalty Period in the amount of one hundred dollars ($100) for each employee per
14 pay period for the initial violation and two hundred dollars ($200) for each employee per pay
15 period for each subsequent violation.

16    64.    In addition to the civil penalties recoverable under Labor Code § 2699(a) and (f), to
17 the extent permitted by law, Defendants' failure to provide Plaintiff and aggrieved employees with
18 accurate itemized wage statements, as described herein, entitles Plaintiff to seek separate civil
19 penalties for Defendants' violation of Labor Code §§ 226(a) and 226(e).  For violations of Labor
20 Code § 226(a), Plaintiff seeks civil penalties provided by Labor Code § 226.3.  Pursuant to Labor
21 Code § 226.3, "[a]ny employer who violates subdivision (a) of section 226 shall be subject to a
22 civil penalty in the amount of two hundred dollars ($250) per employee per violation in an initial
23 violation and one thousand dollars ($1,000) per employee for each violation in a subsequent
24 citation, for which the employer fails to provide the employee a wage deduction statement or fails
25 to keep the required in subdivision (a) of section 226."

26    65.    Accordingly, Plaintiff and aggrieved employees are entitled to recover civil
27 penalties for violations of Labor Code § 226.3 and seeks default civil penalties for each of
28 Defendants' numerous violations of Labor Code § 226(e).

FIRST AMENDED CLASS ACTION COMPLAINT

66.     Moreover, pursuant to Labor Code § 1197.1, subdivision (a): "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows:

a.     For any initial violation that is intentionally committed, one hundred dollars ($100) for each unpaid employee for each pay period of which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

b.     For each subsequent violation for the same specific offence, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

c.     Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee."

67.     Plaintiff is informed and believes, and based thereon alleges, that Defendants caused Plaintiff and aggrieved employees not to be paid minimum wages as a result of Defendants, without limitation, routinely failing to pay Plaintiff and other aggrieved employees' wages for all hours worked or otherwise under Defendants' control due to, without limitation, requiring Plaintiff and other California non-exempt employees to undergo COVID-19 temperature checks and/or screening prior to the start of their work shifts. As a direct and proximate result of Defendants' conduct, Plaintiff and other aggrieved employees are entitled to recover directly from Defendants civil penalties pursuant to Labor Code § 1197.1.

68.     In addition to the civil penalties recoverable under Labor Code § 2699(a) and (f), to the extent permitted by law, Defendants' failure to pay Plaintiff and other aggrieved employees

14

1 timely wages for all hours worked, entitles Plaintiff to seek separate civil penalties for Defendants'

2 violation of Labor Code §§ 204 and 210.  Specifically, Defendants failed to pay all wages owed

3 within seven (7) days of the close of the payroll period in accordance with Labor Code § 204(d).

4 Accordingly, Plaintiff and aggrieved employees are entitled to recover civil penalties for violations

5 of Labor Code §§ 204 and 210.

6      69.     Lastly, pursuant to Labor Code § 558 any employer or other person acting on behalf

7 of an employer who violates, or causes to be violated, a section of this chapter or any provision

8 regulating hours and days of work in any order of the Industrial Welfare Commission shall be

9 subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each

10 underpaid employee for each pay period for which the employee was underpaid in addition to an

11 amount sufficient to recover underpaid wages; and (2) For each subsequent violation, one hundred

12 dollars ($100) for each underpaid employee for each pay period for which the employee was

13 underpaid in addition to an amount sufficient to recover underpaid wages. As indicated herein,

14 Plaintiff and aggrieved employees were underpaid wages as a result of the asserted Labor Code

15 violations and therefore are entitled to recover civil penalties under Labor Code § 558.

16      70.     Pursuant to Labor Code § 2699(g), Plaintiff and the aggrieved employees are

17 entitled to an award of reasonable attorneys' fees and costs in connection with their claims for civil

18 penalties.

19 **PRAYER**

20      WHEREFORE, on behalf of herself and all others similarly situated, Plaintiff prays for

21 judgment against Defendants as follows:

22      A.     An order certifying that Plaintiff may pursue her claims against Defendants as a

23 class action on behalf of the Class Members;

24      B.     An order appointing Plaintiff as Class representative and appointing Plaintiff's

25 counsel as class counsel;

26      C.     Penalties for inaccurate wage statements under Labor Code § 226(e);

27      D.     Damages for unpaid wages under Labor Code §§ 201 or 202;

28      E.     Damages for unpaid penalty wages under Labor Code § 203;

FIRST AMENDED CLASS ACTION COMPLAINT

1      F.     Liquidated damages for unpaid minimum wage;

2      G.     Damages for unpaid overtime wages under Labor Code § 1194;

3      H.     Restitution under Business and Professions Code § 17203;

4      I.     Pre-judgment interest;

5      J.     Costs;

6      K.     Reasonable attorney's fees;

7      L.     Civil Penalties under Labor Code §§ 210, 226.3, 558, 1197.1, 2699(a)-(f); and

8      M     Such other and further relief as the Court deems just and proper.

DATED: September 14, 2023          THE NOURMAND LAW FIRM, APC

By:    */s/ Kyle J. Ignatius*
       Michael Nourmand, Esq.
       James A. De Sario, Esq.
       Kyle J. Ignatius, Esq.
       Attorneys for Plaintiff

FIRST AMENDED CLASS ACTION COMPLAINT

**PROOF OF SERVICE**

Jasmine Luvianio, et al. v. Cargill Meat Solutions Corporation, et al.
United States District Court - Eastern District of California
Case No.: 2-23-cv-00959-ADA-SKO

I, Alejandra Beltran, the undersigned, declare that I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within entitled action; my business address is 8822 West Olympic Boulevard, Beverly Hills, California 90211.

On September 14, 2023, I served the following document(s) described as:

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND RESTITUTION**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, addressed as follows:

Jason E. Barsanti
COZEN O'CONNOR
501 W. Broadway, Suite 1610
San Diego, California 92101

Brett Greving
COZEN O'CONNOR
101 Montgomery Street, Suite 1400
San Francisco, California 94104

The above document(s) were served on the interested parties in this action as follows:

*All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the above-reference case number.*

BY ELECTRONIC MAIL: As follows: I am readily familiar with our office's practice of electronic mail transmission; on this date the document enumerated above was transmitted by electronic mail transmission and that the transmission was reported as complete and delivered, and without error.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this Proof of Service was executed on September 14, 2023, at Beverly Hills, California.

*/s/ Alejandra Beltran*
Alejandra Beltran

FIRST AMENDED CLASS ACTION COMPLAINT